# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### BRYSON CITY DIVISION
#### 2:11cv02

| | | |
|---|---|---|
| RICK L. HODGES and **CORNERSTONE HOMES OF HIGHLANDS, LLC,** | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | **ORDER** |
| FIRST AMERICAN BANK AND TRUST COMPANY, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pending before the Court is Defendant First American Bank and Trust Company's Motion to Compel [# 30]. Defendant moves to compel Plaintiffs to: (1) respond to Defendant's First Requests for Production and produce responsive documents; (2) Plaintiff Hodges to supplement his responses to Interrogatory Nos. 1, 2, 3, and 8; (3) Plaintiff Cornerstone Homes of Highlands, LLC ("Cornerstone") to supplement its responses to Interrogatory Nos. 1, 7, 8, and 12; (4) Plaintiff Hodges to amend his responses to Defendant's Requests for Admission to either admit or deny Requests Nos. 1, 2, 3, 8, 9, and 10; and (5) Plaintiff Cornerstone to amend its responses to Defendant's Requests for Admission to either admit or deny Requests Nos. 1, 2, 3,

4, 8, 9, 10, 11 and 15. Plaintiffs, who are represented by counsel, did not file a response to Defendant's Motion to Compel, and, therefore, the Court deems the motion unopposed.

Upon a review of Defendant's motion and the record in this case, the Court **GRANTS** the Defendant's Motion to Compel [# 30]. The Court **DIRECTS** the parties as follows:

(1)     Plaintiffs shall respond to Defendant's First Requests for Production and produce all responsive documents in their possession, custody, or control within twenty (20) days of the entry of this Order. To the extent that Plaintiffs did not timely file objections to any of the Requests, the Court deems the objections, with the exception of attorney client privilege and attorney work product, waived. If Plaintiffs intend to rely on either the attorney client privilege or attorney work product to withhold any documents, they shall provide a privilege log to Defendants within twenty (20) days of the entry of this Order. The failure to provide a privilege log that conforms with the requirements of the Federal Rules of Civil Procedure and law in this district will result in the Court deeming waived the applicable privileges.

(2)     Plaintiff Hodges shall answer fully and in writing under oath within ten

(10) days of the entry of this Order Interrogatories Nos. 1, 2, 3, and 8. The answers must be signed by the person making the answers.

(3)     Plaintiff Cornerstone shall answer fully and in writing under oath  within ten (10) days of the entry of this Order Interrogatories Nos. 1, 7, 8, and 12.  The answers must be signed by the person making the answers.

(4)     Plaintiff Hodges shall within ten (10) days of the entry of this Order amend his responses to Defendant's Requests for Admission to either admit or deny Requests Nos. 1, 2, 3, 8, 9, and 10.  The failure to comply with this Order will result in the Court deeming each of these requests admitted.   See Fed. R. Civ. P. 36(a)(6).

(5)     Plaintiff Cornerstone shall within ten (10) days of the entry of this Order amend its responses to Defendant's Requests for Admission to either admit or deny Requests Nos. 1, 2, 3, 4, 8, 9, 10, 11 and 15.

(6)     The Court **DIRECTS** Plaintiffs to **SHOW CAUSE** in writing within five (5) days of the entry of this Order why the Court should not require Plaintiffs to pay the Defendant's reasonable expenses, including attorneys' fees, incurred as a result of defendant presenting this motion.

(7)     Absent compelling circumstances, the Court will not extend any of the deadlines in this Order.

(8)     The failure of either Plaintiff to comply fully with this Order will result

in the Court recommending that the District Court strike the Complaint

and dismiss Plaintiffs' claims.


Signed: February 15, 2012


Dennis L. Howell
United States Magistrate Judge