# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:11cv02

| | |
|---|---|
| RICK L. HODGES and ) <br> CORNERSTONE HOMES OF ) <br> HIGHLANDS, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FIRST AMERICAN BANK AND ) <br> TRUST COMPANY, ) <br> ) <br>     Defendant. ) <br> _____ ) | **ORDER** |

Pending before the Court is Plaintiffs' response to the Court's Show Cause Order [# 36]. After Plaintiffs failed to respond to discovery, Defendant moved to compel Plaintiffs to respond to its discovery requests. Plaintiffs did not respond to the Motion to Compel. The Court then granted Defendant's motion and ordered Plaintiffs to respond to Defendant's discovery requests. (Order, Feb. 15, 2012.) The Court also directed Plaintiffs to show cause why it should not award Defendant its costs, including its reasonable attorneys' fees, pursuant to Rule 37(a)(5)(A). Plaintiffs filed a brief response to the Court's Show Cause Order. Upon a review of the record in this case and Plaintiffs' response, the Court **AWARDS** Defendant its reasonable costs incurred

-1-

in filing the Motion to Compel.

**I.     Analysis**

Rule 37 provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court <u>must</u> require the party whose conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). An exception to this rule is where the opposing party's nondisclosure was substantially justified or circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The party facing an award of expenses under Rule 37 has the burden of persuasion to show that an award is not justified. <u>Carr v. Deeds</u>, 453 F.3d 593, 602 (4th Cir. 2006); <u>Proa v. NRT Mid Atlantic, Inc.</u>, 633 F. Supp. 2d 209, 213 (D. Md. 2009); 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288 (3d ed. 2010). A party satisfies the substantially justified standard where there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." <u>Pierce v. Underwood</u>, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988); 8B Wright et al., <u>supra</u> §2288.

In response to the Court's Show Cause Order, Plaintiffs acknowledge that they failed to timely respond to Defendant's discovery request. Plaintiffs contend that the

delay was caused because of the heavy caseload of counsel, as well as counsel's efforts to obtain discovery from third parties. It is Plaintiffs who initiated this action. A party may not invoke the jurisdiction of this Court and then fail to comply with its obligations under the Federal Rules of Civil Procedure to respond to discovery requests. Here, Plaintiffs failure to comply with their discovery obligations forced Defendant to have to resort to filing a Motion to Compel to obtain the discovery to which Plaintiffs acknowledge it is entitled to under the Federal Rules. Moreover, Plaintiffs did not even file a response to the Motion to Compel.

Upon a review of the record, the Court finds that Plaintiffs' nondisclosure in this case was not substantially justified and the circumstances do not make an award of expenses unjust. Accordingly, the Court **AWARDS** Defendant its "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably. If the parties cannot agree as to the reasonable expenses, Defendant shall file an accounting of its expenses, including attorneys' fees, incurred in filing its Motion to Compel by March 8, 2012. Defendant should also submit affidavits setting forth the number hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community. See Robinson v. Equifax Information Servs., LLC, 560 F.3d

235, 243-244 (4th Cir. 2009); Neves v. Neves, 637 F. Supp. 2d 322, 340 (W.D.N.C. 2009) (Reidinger, J.).  Plaintiffs shall have until March 17, 2012, to file specific objections to the expenses requested by Defendant.  The Court will then calculate the award of attorneys' fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate.  Robinson, 560 F.2d at 243.  In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n.28 (4th Cir. 1978)).

## II. Conclusion

The Court **AWARDS** Defendant its reasonable expenses incurred in filing the Motion to Compel [# 30]. The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably.  If the parties cannot agree as to the reasonable amount of expenses, Defendant shall file its requests for expenses and all supporting

documentation by March 8, 2012. Plaintiffs shall have until March 17, 2012, to file specific objections.

Signed: February 23, 2012

Dennis L. Howell
United States Magistrate Judge