IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv02

| | |
|---|---|
| RICK L. HODGES and ) <br> CORNERSTONE HOMES OF ) <br> HIGHLANDS, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FIRST AMERICAN BANK AND ) <br> TRUST COMPANY, ) <br> ) <br>     Defendant. ) <br> _____ ) | **ORDER** |

Previously, the Court granted Defendant's Motion to Compel [# 40] and directed Plaintiffs to show cause in writing why the Court should not award Defendant its reasonable expenses, including attorneys' fees. (Order, Mar. 18, 2012 at 2-3.) Plaintiffs, however, did not comply with the Court's Order and show cause in writing. Accordingly, the Court **AWARDS** Defendant its reasonable costs incurred in filing the Motion to Compel [# 35].

**I.    Analysis**

Rule 37 provides that if a court grants a motion to compel or the discovery is provided after the party files the motion, the court <u>must</u> require the party whose

conduct necessitated the motion to pay the movant's reasonable expenses, including attorneys' fees, after providing the party an opportunity to be heard. Fed. R. Civ. P. 37(a)(5)(A). An exception to this rule is where the opposing party's nondisclosure was substantially justified or circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). The party facing an award of expenses under Rule 37 has the burden of persuasion to show that an award is not justified. Carr v. Deeds, 453 F.3d 593, 602 (4th Cir. 2006); Proa v. NRT Mid Atlantic, Inc., 633 F. Supp. 2d 209, 213 (D. Md. 2009); 8B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, Federal Practice and Procedure § 2288 (3d ed. 2010). A party satisfies the substantially justified standard where there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." Pierce v. Underwood, 487 U.S. 552, 565, 108 S. Ct. 2541, 2550 (1988); 8B Wright et al., supra §2288.

Plaintiffs did not file a response to the Court's Show Cause Order. Plaintiffs have not provided the Court with any reasons why they failed to comply with their discovery obligation or why this Court should not award Defendant its reasonable expenses. Upon a review of the record, the Court finds that Plaintiffs' nondisclosure in this case was not substantially justified and the circumstances do not make an award of expenses unjust. Accordingly, the Court **AWARDS** Defendant its "reasonable

expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably.  If the parties cannot agree as to the reasonable expenses, Defendant shall file an accounting of its expenses, including attorneys' fees, incurred in filing its Motion to Compel by April 11, 2012.  Defendant should also submit affidavits setting forth the number hours counsel reasonably expended filing the Motion to Compel, the hourly rate charged, and the prevailing market rate in the relevant community.  See  Robinson v. Equifax Information Servs., LLC, 560 F.3d 235, 243-244 (4th Cir. 2009); Neves v. Neves, 637 F. Supp. 2d 322, 340 (W.D.N.C. 2009) (Reidinger, J.).  Plaintiffs shall have until April 18, 2012, to file specific objections to the expenses requested by Defendant.  The failure of Plaintiffs to file specific objections will be treated by the Court as an acknowledgment that the expenses requested by Defendants are reasonable and that Plaintiff do not object to an award of fees in the amount requested.  The Court will then calculate the award of attorneys' fees by multiplying the number of reasonable hours expended by counsel times the reasonable hourly rate.  Robinson, 560 F.2d at 243.  In determining what constitutes a reasonable number of hours and rate, the Court shall consider:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's

expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (quoting Barber v. Kimbrell's Inc., 577 F.2d 216, 266 n.28 (4th Cir. 1978)).

**II.     Conclusion**

The Court **AWARDS** Defendant its reasonable expenses incurred in filing the Motion to Compel [# 35]. The Court **DIRECTS** the parties to confer in an attempt to resolve the issue of expenses amicably. If the parties cannot agree as to the reasonable amount of expenses, Defendant shall file its requests for expenses and all supporting documentation by April 11, 2012. Plaintiffs shall have until April 18, 2012, to file specific objections.

Signed: March 30, 2012

Dennis L. Howell
United States Magistrate Judge