IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
2:11cv02

| | |
|---|---|
| RICK L. HODGES and ) <br> CORNERSTONE HOMES OF ) <br> HIGHLANDS, LLC, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> FIRST AMERICAN BANK AND ) <br> TRUST COMPANY, ) <br> ) <br>     Defendant. ) <br> _____ ) | **MEMORANDUM AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion for Sanctions [# 39]. Defendant moves this Court to recommend the dismissal of Plaintiffs' Complaint for the failure to comply with a lawful Order of this Court. The Court **RECOMMENDS** that the District Court **GRANTS** the Motion [# 39] and **DISMISS with prejudice** all of the claims asserted in Plaintiffs' Amended Complaint.

**I.  Background**

After Plaintiffs failed to comply with their obligations under the Federal Rules of Civil Procedure to respond to discovery requests, Defendant moved to

compel Plaintiffs to provide responses to the requests. Plaintiffs, who are represented by counsel, did not file a response to the motion. The Court then granted the motion and directed Plaintiffs to undertake a number of actions, including providing Defendant with answers to interrogatives, requests for admission, a privilege log, and produce documents. (Order Granting Mot. Compel, Feb. 15, 2012.) In addition, the Court directed Plaintiffs to show cause in writing why the Court should not award Defendant its expenses, including attorneys' fees, pursuant to Rule 37(a)(5)(A). Finally, the Court warned Plaintiffs that:

> The failure of either Plaintiff to comply fully with this Order will result in the Court recommending that the District Court strike the Complaint and dismiss Plaintiffs' claims.

(Order Granting Mot. Compel, Feb. 15, 2012, at 4.)

After a review of the record and the Plaintiffs' response to the Court's Show Cause Order, the Court awarded Defendant its reasonable expenses in filing the Motion to Compel. (Order Awarding Fees, Feb. 23, 2012.) Subsequently, the parties stipulated to an award of $2000.00 as reasonable expenses for filing the motion. [# 38].

Meanwhile, Defendant filed a second Motion to Compel. Again, Plaintiffs did not respond to this motion. The Court granted the Motion to Compel and directed Plaintiffs to respond to Defendant's discovery requests. (Order Granting

Mot. Compel, Mar. 18, 2012.) The Court again directed Plaintiffs to show cause in writing why the Court should not award Defendant its expenses, including attorneys' fees, pursuant to Rule 37(a)(5)(A). Finally, the Court warned Plaintiffs for a second time that:

> The failure of either Plaintiff to comply fully with this Order will result in the Court recommending that the District Court strike the Complaint and dismiss Plaintiffs' claims.

(Order Granting Mot. Compel, Mar. 18, 2012, at 3.) Plaintiffs, however, failed to comply with the Court's Order and did not show cause in writing why the Court should not award Defendant its reasonable expenses. Accordingly, the Court awarded Defendant its reasonable expenses for filing the second Motion to Compel. (Order Awarding Fees, Mar. 30, 2012.)

Defendant now moves the Court to strike the Amended Complaint as a result of Plaintiffs failure to comply with the Court's Order and provide discovery responses. Defendant contends that Plaintiffs failed to provide verified interrogatory responses or amend their requests for admissions as directed by the Court in its February 15, 2012, Order. Defendant also contends that Plaintiffs failed to produce documents or provide it with a privilege log as directed by this Court. Plaintiffs did not file a response to Defendant's motion or otherwise contest the factual representations made in the motion.

-3-

## II. Analysis

Pursuant to Rule 37(b), if a party fails to obey an Order of this Court to provide discovery, the Court may impose a number of sanctions, including striking pleadings. Fed. R. Civ. P. 37(b)(2)(A). In addition, Rule 37(d) allows the Court to impose the same sanctions where a party fails to respond to interrogatories or a request for inspection. Fed. R. Civ. P. 37(d). In Mut. Fed. Sav. and Loan Assoc. v. Richards & Assocs., 872 F.2d 88, 92 (4th Cir. 1989), the United States Court of Appeals for the Fourth Circuit reiterated a four part test for evaluating whether the entry of default against a party is warranted as a sanction under Rule 37. Courts have also applied these factors in the context of a dismissal with prejudice. See Green v. John Chatillon & Sons, 188 F.R.D. 422, 423-24 (M.D.N.C. 1998). The four factors include:

> (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions.

Mut. Fed., 872 F.2d at 92.

Upon a review of the record in this case and after considering the four factors set forth by the Fourth Circuit, the Court finds that dismissal with prejudice is an appropriate sanction in this case. First, the Court finds that

Plaintiffs have acted intentionally and in bad faith in repeatedly failing to comply with their discovery obligations under the Federal Rules and failing to comply with an Order of the Court directing them to provide discovery to Defendant.  See Mut. Fed., 872 F.2d at 93; Green, 188 F.R.D. at 424; Steigerwald v. Bradley, 229 F. Supp. 2d 445, 448 (D. Md. 2002).  Moreover, after failing to respond to Defendant's discovery requests, Plaintiffs did not respond to the motions to compel, the motion for sanctions, or this Court's second Show Cause Order.  Accordingly, the Court finds that Plaintiffs acted in bad faith.

Second, Defendant is significantly prejudiced by Plaintiffs' noncompliance because Plaintiffs, after bringing this action and invoking the jurisdiction of this Court, have failed to meaningfully participate in discovery.  Defendant cannot be expected to defend against the claims asserted by Plaintiffs unless Plaintiffs intend to comply with their discovery obligations under the Federal Rules and the Orders of this Court.

Third, this Court must deter noncompliance with an Court Order. Mut. Fed., 872 F.2d at 93; Steigerwald, 229 F. Supp. 2d at 449. "Individual parties cannot be allowed to ignore court orders without suffering consequences if the judicial system is to continue functioning."  Green, 188

F.R.D. at 425. The Court cannot allow a party to disregard an Order of the Court directing the party to produce documents or respond to discovery. Accordingly, the third <u>Mut.</u> <u>Fed.</u> factor is met in this case.

Fourth, the Court finds that no lesser sanction would be effective in this case. This Court has already twice awarded Defendant its expenses incurred in filing discovery motions. The Court first awarded Defendant its fees on February 23, 2012. This award of fees had little, if any, impact on the conduct of Plaintiffs. <u>See</u> <u>Mut. Fed.</u>, 872 F.2d at 93. In fact, even after the Court awarded Defendant its fees and warned Plaintiffs that their failure to comply with the Court's Orders would result in dismissal of their claims, Plaintiffs: (1) failed to comply with the Court's Order directing Plaintiffs to produce documents and provide discovery responses to Defendant; (2) failed to respond to the Motion for Sanctions; and (3) failed to show cause in writing as directed in the Court's Order granting Defendant's second Motion to Compel. It does not appear than any sanction less than dismissal would be effective in this case.

Finally, the Court explicitly warned Plaintiffs in two Orders that the failure to fully comply with either Order would result in the Court dismissing Plaintiffs' claims. The Court put Plaintiffs on notice of the

consequences of either the continued failure to participate in discovery or the failure to comply with the Court's Order directing them to provide discovery responses and produce documents. Despite these warnings, Plaintiffs decided not to comply with the Court's discovery Order. Accordingly, the Court finds that dismissing the Amended Complaint with prejudice is the only appropriate sanction for Plaintiffs' conduct. The Court **RECOMMENDS** that the District Court **DISMISS with prejudice** the Amended Complaint.

### III. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Sanctions [# 39] and **DISMISS with prejudice** the Amended Complaint.

Signed: April 6, 2012

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).